IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JANET GRAHAM, Administratrix of
The Estate of Edna Marie McNeely,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:18-00274

SUNIL KUMAR DHAR, M.D.,
BLUEFIELD CLINIC COMPANY, LLC,
d/b/a BLUEFIELD CARDIOLOGY, and,
BLUEFIELD HOSPITAL COMPANY, LLC,
d/b/a BLUEFIELD REGIONAL MEDICAL CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's Motion for Sanctions and Entry of Default Judgment against defendant Bluefield Hospital Company, LLC, d/b/a Bluefield Regional Medical Center ("BRMC"). ECF No. 76. For the reasons that follow, plaintiff's motion for sanctions and default judgment is **DENIED**.

I.    **Factual and Procedural Background**

There are two primary grounds upon which plaintiff files her Motion for Sanctions and Entry of Default Judgment, alleging that BRMC violated Federal Rule of Civil Procedure 37(d)(1)(A)(i) in both respects: that BRMC failed to produce witnesses to answer Topics 11 and 12 of the 30(b)(6) Deposition

Duces Tecum; and that BRMC produced unprepared witnesses for the 30(b)(6) deposition. BRMC counters that it properly objected to Topics 11 and 12; and that its witnesses were prepared, plus plaintiff failed to meet and confer before filing her motion for sanctions thereby not complying with Fed. R. Civ. P. 37(d)(1)(B) and L.R. Civ. P. 37.1(b).

*A. Failure to Produce Witnesses as to Topics 11 and 12*

On June 6, 2019, plaintiff filed her Notice of Rule 30(b)(6) Deposition Duces Tecum of defendant BRMC. See ECF No. 62. In her Notice, plaintiff outlined 12 topics and requested that a representative or representatives be designated to testify regarding the topics. On August 9, 2019, BRMC filed its Objection and Partial Designation to plaintiff's Notice of Rule 30(b)(6) Deposition Duces Tecum. See ECF No. 72. BRMC objected to Topics 11 and 12 of the Notice, and partially designated corporate representatives Rovanda Wills, David Rumley, and Stephen Ward, M.D., to discuss Topics 1 – 10. Plaintiff filed no response to BRMC's objection, and no communications were had between the parties regarding any issues related to the filed objection.[1]

---

[1] BRMC's counsel Bosak states that at some point she drew Mr. Byrd's attention to the Objection and Partial Designations, and Mr. Byrd denied any need to meet and confer regarding the objections; indeed, advising Attorney Bosak that he had "seen the filing and forgot about it." See ECF No. 80.

2

On September 5, 2019, BRMC's counsel Megan Bosak confirmed that all corporate representatives were available for September 27, 2019.  See ECF No. 76, Exh. 8.  At the start of the deposition of BRMC's corporate representatives on September 27, 2019, plaintiff's counsel Andrew Byrd inquired as to whether BRMC was refusing to produce any witnesses for Topics 11 and 12. Attorney Bosak confirmed on the record that BRMC had filed objections to plaintiff's Rule 30(b)(6) Notice and was not producing any witnesses for Topics 11 and 12 in light of its filed objections.  See ECF No. 76, Exh. 9.

*B. Producing Unprepared Witnesses for 30(b)(6) Deposition*

Plaintiff alleges that BRMC produced unprepared 30(b)(6) witnesses.  Specifically, plaintiff claims that Dr. Ward was unprepared to testify as to Topics 5, 6, 8, and 10, and that Mr. Rumley was unprepared to testify as to Topic 9.  Plaintiff argues that Dr. Ward was unprepared as to Topics 5 and 6 because he had not calculated the exact number of cardiac catheterization procedures performed by defendant Sunil Dhar, M.D., and that Dr. Ward testified that another individual at BRMC was more qualified than him to testify as to Topic 8.  As to Topic 10, plaintiff argues that Dr. Ward was unprepared because he had no knowledge of the communications Topic 10 was seeking information on.  Plaintiff further argued that Mr. Rumley was unprepared as to Topic 9 because he neither reviewed

3

nor brought any documents to facilitate his knowledge of the topic, and he would not have access to those documents or the conversations surrounding those documents. See ECF No. 76.

BRMC responds that, as to Topics 5 and 6, Dr. Ward expressly testified he had prepared for the deposition by meeting with Attorney Bosak and reviewing Dr. Dhar's case logs, and that as to Topic 8, Dr. Ward was able to testify as to the non-existence of the documents sought. As to Topic 10, BRMC argues that Dr. Ward could testify to the information sought based upon the medical records provided, even if he did not have personal knowledge, and, moreover, that BRMC had already provided all documents related to the Topic 10 area of inquiry. BRMC also responds that as to Topic 9, Mr. Rumley expressly testified that he was the person at BRMC with the most knowledge on the topic, and that any gap in Mr. Rumley's knowledge asserted by plaintiff is due to plaintiff's Attorney Byrd asking questions to Mr. Rumley outside the scope of Topic 9's inquiry. See ECF No. 80.

## II. **Analysis**

It is best to begin by stating the relevant federal and local rules of civil procedure at issue here. Fed. R. Civ. P. 37(d)(1)-(2) is as follows:

(1) In General.

    (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:

        (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or

        (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

    (B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

(2) Unacceptable Excuse for Failing to Act. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

L.R. Civ. P. 37.1(b) states:

(b) Duty to Confer.

Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the meeting.

Plaintiff's grounds for sanctions are each based upon a violation of Fed R. Civ. P. 37(d)(1)(A)(i) – that BRMC failed to

5

appear for the 30(b)(6) deposition. BRMC's decision to not provide any witnesses to answer to Topics 11 and 12 is certainly such a failure to appear. See, e.g., Robinson v. Quicken Loans, Inc., 2013 WL 1776100, at *2-3 (S.D.W. Va. Apr. 25, 2013). It has also been widely established that "'[p]roducing an unprepared [Rule 30(b)(6)] witness is tantamount to a failure to appear.'" Scott Hutchison Enterprises, Inc. v. Cranberry Pipeline Corp., 318 F.R.D. 44, 54 (S.D.W. Va. 2016)(Eifert, Mag. J.)(quoting United States v. Taylor, 166 F.R.D. 356, 363 (M.D.N.C. 1996)). Thus, plaintiff's claim that BRMC corporate representatives Dr. Ward and Mr. Rumley were unprepared clearly also falls within the scope of Rule 37(d)(1)(A).

Defendant BRMC argues that plaintiff's motion for sanctions should be denied as to all grounds because plaintiff did not comply with either the local or the federal rules' requirement of conferral before filing. BRMC is partially correct, and thus the court hereby **DENIES** plaintiff's motion for sanctions, but the matter is not quite so simple as BRMC suggests.

*A. Federal Rule of Civil Procedure 37(d) Does Not Require Conferral Before Filing a Motion for Sanctions*

Fed. R. Civ. P. 37(d) does not require a pre-filing conference or a certification of a good faith effort to confer as a "prerequisite to a court imposing sanctions for failing to appear at a deposition." Nationstar Mortg., LLC v. Flamingo

6

Trails No. 7 Landscape Maint. Ass'n, 316 F.R.D. 327, 335 (D. Nev. 2016). As the court in Nationstar correctly explains, a certification of conferral is needed only before motions for sanctions are made for violations of Rule 37(d)(1)(A)(ii), and not for violations of Rule 37(d)(1)(A)(i), as is alleged here:

> Rule 37(d)[(1)(B)] requires a movant's certification of a pre-filing conference for motions seeking sanctions arising out of a party "failing to answer or respond" to discovery. This provision "require[s] that, where a party fails to file any response to interrogatories or a Rule 34 request, the discovering party should informally seek to obtain such responses before filing a motion for sanctions." In contrast, *Rule 37(d)[(1)(B)] omits any reference to requiring a pre-filing conference for sanctions motions arising out of the failure to appear for deposition*. Hence, a pre-filing conference is not required under Rule 37(d) in relation to a motion for sanctions arising out of a nonappearance at a deposition.

Id. (emphasis added) (internal citations omitted).

Therefore, BRMC's reliance on Fed. R. Civ. P. 37(d)(1)(B) as requiring a certification of good faith conferral is misplaced.

*B. Courts Have Discretion Whether to Require Strict Compliance with Local Rule of Civil Procedure 37.1(b)*

"[A] court has discretion in managing its discovery issues and must address motions for sanctions on a case-by-case basis." Scott Hutchison Enterprises, 318 F.R.D. at 51. Thus, while BRMC is correct that Rule 37.1(b) requires a good faith conferral

7

"before filing . . . any motion for sanctions," L.R. Civ. P. 37.1(b), non-compliance with the rule does not automatically preclude an award of sanctions. Courts in this district have held that "the failure of a party to comply with L.R. Civ. P. 37.1(b) may provide a basis for the presiding judicial officer to deny a motion for sanctions," see Scott Hutchison Enterprises, 318 F.R.D. at 51, but courts have also declined to deny the motion for sanctions despite non-compliance with Local Rule 37.1(b). See, e.g., id.

However, the factors which mitigate the need for compliance with Local Rule 37.1(b) are not present here, and thus this court declines to exercise its discretion to allow plaintiff's motion for sanctions to go forward in spite of its failure to adhere to Local Rule 37.1(b). In Scott Hutchison Enterprises, the court gave two reasons for its decision to overlook the non-compliance with Local Rule 37.1(b). First, the corresponding federal rule did not require conferral before awarding sanctions. See id. And second, the parties had already conferred about the scope of the Rule 30(b)(6) deposition and there had even been a discovery hearing held before the court on the discovery issues which served as the basis of the motion for sanctions. See id. While here the corresponding federal rule likewise does not require conferral before awarding sanctions

for nonappearance at a deposition, see supra, the second factor is grossly absent.

There have been extremely limited discussions between the parties as to their discovery disagreements. BRMC filed objections to Topics 11 and 12, but plaintiff made no response, and thus the issue has not been "already narrowed, fully briefed, and argued" as it had in Scott Hutchison Enterprises. 318 F.R.D. at 51. Likewise, there was minimal, if any, discussion as to the fact that the witnesses were deemed to be unprepared by plaintiff, and minimal discussion as to how BRMC could remedy the perceived shortcomings in the witnesses' 30(b)(6) deposition testimony.[2] "The purpose of the meet and

---

[2] The court declines to find that the two conversations relating to BRMC's provision of information and/or documents at issue as to Topic 9 constitute a conferral sufficient to satisfy Local Rule 37.1(b). The first conversation occurred on September 27, 2019, at the 30(b)(6) deposition. During the depositions, Attorney Byrd requested several off the record conversations with BRMC's counsel to discuss the content of Topic 9 of the 30(b)(6) Notice, and it became apparent that there was a conflict as to which documents were being requested as part of Notice Topic 9. According to defendant BRMC, an informal agreement was made to discuss any issues related to requests for additional documents after the conclusion of the 30(b)(6) depositions, see ECF No. 80, and the parties agreed that BRMC would attempt to find documents related to Topic 9 and provide them to plaintiff prior to the close of discovery. See ECF No. 83. These general terms of this informal agreement seem to be supported by plaintiff's Attorney Byrd's statements at the conclusion of the deposition with Mr. Rumley. See ECF No. 83, Exh. 3 at p. 26 ¶ 8-14 ("I'm going to . . . give your counsel time to look for documents that I believe are responsive to [Topic 9 of] the subpoena duces tecum in this 30(b) Notice.").

confer obligation is to obtain discovery material *without court action*." Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., 246 F.R.D. 522, 525–26 (S.D.W. Va. 2007). Or, in the event that court action is needed, conferral prepares both the court and the parties to efficiently and effectively resolve the dispute. Because conferral in all likelihood would have served both the parties and the court by narrowing the issues in dispute, and perhaps by avoiding court action at all, this court holds that plaintiff's non-compliance with Local Rule 37.1(b) does preclude an award of sanctions, and so **DENIES** plaintiff's Motion for Sanctions and Entry of Default Judgment. ECF No. 76.

---

Then on October 9, 2019, Attorney Byrd left a message for Attorney Bosak to "call him back." A conversation was held via telephone later that morning wherein, according to BRMC, Attorney Byrd represented that he was not concerned about the Topic 9 documents and advised Attorney Bosak, "don't worry about it." See ECF No. 80. But according to Attorney Byrd's recollection of the phone call on October 9, he called to check on the status of whether or not BRMC had obtained the information contained in Notice Topic 9, and states that BRMC's suggestion that he wasn't worried about it is a complete misinterpretation. See ECF No. 83.

First, the court remains unclear about what documents relating to Topic 9 are at issue or are still being sought by plaintiff. Conferral between the parties prior to filing the motion for sanctions would have aided the court in this respect. Second, conferral would have been beneficial for the parties, as there is a difference of recollection as to the October 9, 2019 discussion. Further conferral between the parties, and clear notice by the plaintiff to BRMC that these documents were still sought, may likely have solved this current dispute before court intervention was requested.

**III. Court Criticism of Defendant BRMC's Actions**

Despite the court's ruling in favor of defendant BRMC as to this instant motion for sanctions, defendant BRMC is not without fault.

First, BRMC's corporate representatives at the 30(b)(6) depositions should have been better prepared. The court declined to reach the merits of whether BRMC's witnesses were prepared, but notes that if it had, it would have been a close case. The court expects better preparation from 30(b)(6) designees in the future.

Second, BRMC was required to file a protective order, rather than filing objections, when it declined to designate a representative to answer Notice Topics 11 and 12. Federal Rule 37(d)(2) is clear on this matter, as is the law of this district. See Robinson v. Quicken Loans, Inc., 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013)("'[T]here is no provision in the rules which provides for a party whose deposition is noticed to serve objections . . . to avoid providing the requested discovery until an order compelling discovery is issued . . . Put simply and clearly, absent agreement, a party who . . . does not wish to comply with a notice of deposition must seek a protective order.'")(quoting New England Carpenters Health Benefits Fund v. First Databank, Inc., 242 F.R.D. 164, 165-66 (D. Mass. 2007)).

**IV. Conclusion**

For the reasons expressed above, plaintiff's Motion for Sanctions and Entry of Default Judgment, ECF No. 76, is **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

IT IS SO ORDERED this 19th day of December, 2019.

Enter:

David A. Faber
Senior United States District Judge