```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

JANET GRAHAM, Administratrix of
The Estate of Edna Marie McNeely,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:18-00274

SUNIL KUMAR DHAR, M.D.,
BLUEFIELD CLINIC COMPANY, LLC,
d/b/a BLUEFIELD CARDIOLOGY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' Motion to Permit Live Trial Testimony via Contemporaneous Transmission from a Different Location, pursuant to Federal Rule of Civil Procedure 43(a). (ECF No. 111.)  In support of their motion, defendants state that their expert, Jeffrey A. Kalish, M.D., is a vascular surgeon working in Boston, Massachusetts at Boston Medical Center.  Defendants explain that due to COVID-19, Dr. Kalish is currently dealing with a backlog of surgical cases and that traveling from Boston to Charleston, West Virginia to testify at trial in late July would be extremely difficult for Dr. Kalish and would put Dr. Kalish's patients at risk by further postponing their surgical treatment(s).  Counsel for plaintiff informed the court that plaintiff opposes the motion.  For the

reasons that follow, defendants' motion for video testimony pursuant to Rule 43(a) is **DENIED**.

Rule 43(a) of the Federal Rules of Civil Procedure requires that witness testimony be taken in person in open court except "[f]or good cause in compelling circumstances and with appropriate safeguards." The decision to allow testimony by videoconference falls within the court's discretion. United States v. Kivanc, 714 F.3d 782, 791 (4th Cir. 2013).

The court is aware of the many difficulties caused by COVID-19, including the strain it has put on our nation's health care system and health care providers. The court also notes that a few other courts have authorized trial testimony via transmission from a different location due to problems created by COVID-19. See In re RFC and ResCap Liquidating Trust Action, 2020 WL 1280931, at *2-4 (D. Minn. Mar. 13, 2020) (finding that there was "good cause" to allow live trial testimony to be presented by contemporaneous transmission from a different location due to the rapid spread of COVID-19 and the severity of the virus's symptoms).

However, the court does not find that sufficiently compelling circumstances exist in this case. First, to distinguish the above case which was cited by defendants in their motion, the In re RFC and ResCap Liquidating Trust Action opinion was issued in the middle of trial proceedings and at the

2

beginning of the COVID-19 outbreak; there was no time to find a better solution than video testimony or to reschedule in a way that would not prejudice the party that had not yet been allowed to present their case. See id. at *1-2, 4. Here, trial is scheduled for July 29, 2020 - over a month away – and there is therefore adequate time for defendants and Dr. Kalish to schedule their activities such that Dr. Kalish may testify in person in a way that minimizes disruption and risk to his patients. If either party disagrees, the court is open to receiving a motion to continue trial for a reasonable time so that expert witnesses may be present without unduly placing patients at risk.

Second, the Advisory Committee Notes explain that a mere showing of inconvenience cannot justify remote transmission of testimony. See Fed. R. Civ. P. 43 (Advisory Committee Note to 1996 Amendment). The Advisory Committee Notes further state that good cause and compelling circumstances are most likely to be present when a witness is unavailable for "unexpected reasons, such as accident or illness." Id. Here, while COVID-19 causes more than mere inconvenience, at this point COVID-19 is not unexpected. Nor is the potential unavailability of Dr. Kalish unexpected – the fact that defendants have made this motion over a month before trial demonstrates this clearly. The court, again, finds that there is adequate time for defendants and Dr.

3

Kalish to schedule their activities such that Dr. Kalish may testify in person in a way that minimizes disruption and risk to his patients.  Moreover, "[t]his court shares the strong preference for live testimony illustrated in the Federal Rules." Kaufman v. United States, 2014 WL 2740407, at *1 (S.D.W. Va. June 17, 2014) (Faber, J.).

The court declines to exercise its discretion to allow video testimony because sufficiently compelling circumstances do not exist in this case.  Defendants' motion for video testimony, (ECF No. 111), is therefore **DENIED**.  This opinion is a denial of defendants' motion pursuant to Rule 43(a); this opinion does not address a party's ability to use video-taped disposition testimony at trial, pursuant to Rule 32(a).

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

IT IS SO ORDERED this 25th day of June, 2020.

ENTER:

David A. Faber
Senior United States District Judge