IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JANET GRAHAM, Administratrix of
The Estate of Edna Marie McNeely,

    Plaintiff,

v.                                                                  CIVIL ACTION NO. 1:18-00274

SUNIL KUMAR DHAR, M.D.,
BLUEFIELD CLINIC COMPANY, LLC,
d/b/a BLUEFIELD CARDIOLOGY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's Motion for Certification of Final Judgments. (ECF No. 120.) Plaintiff moves this court, pursuant to Rule 54 of the Federal Rules of Civil Procedure, for an expedited order certifying that this court's Memorandum Opinion and Order granting Defendant Bluefield Hospital Company, LLC d/b/a Bluefield Regional Medical Center's ("BRMC") Motion for Summary Judgment, (ECF No. 94), and this court's Memorandum Opinion and Order denying Plaintiff's Motion to Alter and Amend both of the court's December 19, 2019 Memorandum Opinion and Orders denying Plaintiff's Motion for Sanctions and Entry of Default Judgment and granting BRMC's Motion for Summary Judgment entered in this action on June 25, 2020, (ECF No. 113), are final judgments. For the following

reasons, plaintiff's motion for certification is **GRANTED in part** and **DENIED in part**.

I. <u>Background</u>

On December 19, 2019, this court granted, with prejudice, summary judgment to Bluefield Hospital Company, LLC, d/b/a Bluefield Regional Medical Center ("BRMC") with respect to plaintiff's Count III claim. (ECF No. 94.) The court also denied plaintiff's motion to alter and amend its Order granting summary judgment to BRMC. (ECF No. 113.) Because Count III was the only remaining claim against BRMC, the court's Orders resulted in BRMC's dismissal from the case. Following the court's Orders, two defendants remained in the case, and pretrial proceedings have continued with respect to the remaining parties.[1]

On July 22, 2020, plaintiff filed a notice of appeal with the Fourth Circuit. (ECF No. 116.) Plaintiff is appealing three Orders by this court: the Memorandum Opinion and Order denying Plaintiff's Motion for Sanctions and Entry of Default Judgment, entered on December 19, 2019, (ECF No. 93); the Memorandum Opinion and Order granting, with prejudice, defendant BRMC's Motion for Summary Judgment, entered on December 19, 2019, (ECF No. 94); and the Memorandum Opinion and Order entered

---

[1] A jury trial in this matter is currently scheduled for September 29, 2020. (ECF No. 115.)

on June 25, 2020 denying Plaintiff's Motion to Alter and Amend both of the court's earlier orders. (ECF No. 113.)

## II. Discussion

### a. Status of Prior Orders

In its Order granting summary judgment to BRMC and dismissing it from the case, (ECF No. 94), the court did not direct that this Order constituted entry of a final judgment as to BRMC. This is problematic for plaintiff's appeal. The Fourth Circuit has explained that it "only obtain[s] jurisdiction when an appeal is taken from a final order . . . or from an appealable interlocutory order." Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1335 (4th Cir. 1993) (citing 28 U.S.C. § 1292 as defining appealable interlocutory orders).

The court finds that none of its Orders that plaintiff has appealed constitute either a final order or an appealable interlocutory order. None of its appealed Orders are final orders; as Federal Rule of Civil Procedure 54(b) explains,

> When an action presents more than one claim for relief
> . . . or when multiple parties are involved, the court
> may direct entry of a final judgment as to one or
> more, but fewer than all, claims or parties only if
> the court expressly determines that there is no just
> reason for delay. Otherwise, any order or other
> decision, however designated, that adjudicates fewer
> than all the claims or the rights and liabilities of
> fewer than all the parties does not end the action as
> to any of the claims or parties and may be revised at
> any time before the entry of a judgment adjudicating

3

      all the claims and all the parties' rights and liabilities.

Additionally, none of its appealed Orders are appealable interlocutory orders because the court did not expressly direct entry of a final judgment as to plaintiff's claim against BRMC. See 28 U.S.C. § 1292 ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."). "In the absence of that determination and direction, an order that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties 'however designated' is 'subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.' Therefore, such an order is not a final judgment." Millville Quarry, Inc. v. Liberty Mut. Fire Ins. Co., 217 F.3d 839, 839 (4th Cir. 2000) (quoting Fed. R. Civ. P. 54(b)).

    b. **Granting Rule 54(b) Certification**

4

The court will now determine whether to grant Rule 54(b) certification to its earlier Orders.[2] In so doing, the court would make its Orders appealable interlocutory orders consistent with 28 U.S.C. § 1292 and Federal Rule of Civil Procedure 54(b).

### 1. *Standard for Granting Certification*

The court is aware of the rationale generally disfavoring "piecemeal review of ongoing district court proceedings." Baird v. Palmer, 114 F.3d 39, 43 (4th Cir. 1997). The Fourth Circuit has articulated that a Rule 54(b) certification is "the exception rather than the norm." Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1335 (4th Cir. 1993). In this Circuit, "certification of a judgment as to a claim or party in a multi-claim or multiparty suit is disfavored" without good cause. Bell Microproducts, Inc. v. Global-Insync, Inc., 20 F. Supp. 2d 938, 942 (E.D. Va. 1998).

In Curtiss-Wright Corporation v. General Electric Company, 446 U.S. 1 (1980), the United States Supreme Court explained a two-part test for determining whether certification under Rule 54(b) is appropriate. First, "[a] district court must first determine that it is dealing with a 'final judgment.'" Id. at 7. A judgment "must be 'final' in the sense that it is 'an

---

[2] Because these orders were interlocutory, and were not final orders or appealable interlocutory orders, see supra, "the court at any time before final decree [could] modify or rescind it." John Simmons Co. v. Grier Brothers Co., 258 U.S. 82, 88 (1922).

5

ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). Second, "the district court must go on to determine whether there is any just reason for delay." Id. at 8.

As to the second part of the test, the Fourth Circuit in Braswell identified the relevant factors which determine whether there is any "just reason for delay." 2 F.3d at 1335–36. These factors are: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." Id. (citing Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 364 (3d Cir. 1975), and Curtis-Wright, 446 U.S. at 8). Additionally, the district court's certification decision must be in the "interest of sound judicial administration." Curtiss-Wright Corp., 446 U.S. at 10.

*2. Analysis*

For the following reasons, the court believes that in this case there is, under Rule 54(b), "no just reason for delay[ing]" entry of final judgment of the court's Order granting summary judgment to BRMC and its Order denying plaintiff's motion to alter and amend that grant of summary judgment.[3]  (ECF Nos. 94 and 113.)  The court has applied the Curtiss-Wright two-part test and the Braswell factors, and concludes that Rule 54(b) warrants that this court certify its Orders relating to granting summary judgment to BRMC, (ECF Nos. 94 and 113), as "final judgments."  As to the first part of the Curtiss-Wright test, the grant of summary judgment to BRMC is a final judgment because it was the "ultimate disposition" of Claim III against BRMC.  See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956).  As to the second part of the Curtiss-Wright test, evaluation of each of the Braswell factors is warranted.

With respect to factor (1), the adjudicated and unadjudicated claims may have a significant relationship under

---

[3] The court does not make its Order denying plaintiff's motion for sanctions, (ECF No. 93), an appealable interlocutory order because allowing that Order to be appealable would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292.  The court certifies as an appealable interlocutory order the portion of its Order denying plaintiff's motion to alter and amend that relates to the court's Order granting summary judgment to BRMC.  (See ECF No. 113.)  However, the court does not certify as an appealable interlocutory order the portion of that Order relating to the court's denial of plaintiff's motion for sanctions.  (See id.)

the circumstances of this case. The court's disposition as to BRMC's negligence leading to Ms. McNeely's death may affect the disposition of plaintiff's claims that defendants Sunil Kumar Dhar, M.D., and Bluefield Clinic Company, LLC, d/b/a Bluefield Cardiology's negligence led to Ms. McNeely's death. Furthermore, the West Virginia Medical Professional Liability Act states that jury is required to make findings as to "[the percentage of fault, if any, attributable to each of the defendants." W. Va. Code § 55-7B-9(a)(5). The Act states, in part, that "[t]he trier of fact shall, in assessing percentages of fault, consider the fault of all alleged parties." Id. § 55-7B-9(b). Once the jury assesses the percentage of fault, the court must "enter judgment of several, but not joint, liability against each defendant in accordance with the percentage of fault attributed to the defendant by the trier of fact." Id. § 55-7B-9(c).

As to factor (2), because BRMC was dismissed from this suit by the court's Order, the court does not foresee any possibility that the need for review of its Order might be mooted by future development in the proceedings before this court. Factor (3) is not present, as this court's grant of summary judgment to BRMC was highly fact-based and there is no similarly situated defendant that would raise the same issue a second time. Factor (4) is similarly absent, as there is no claim or counterclaim

which could result in a set-off against the judgment sought to be made final. And finally, as to factor (5), the court expresses that "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like," strongly inform the court's calculus. Braswell, 2 F.3d at 1335—36.

On balance, "the risks of piecemeal litigation" are substantially "outweigh[ed]" by "the potential benefits of entering a final judgment" on the grant of summary judgment to BRMC. Heckman v. Ryder Truck Rental, Inc., 2014 WL 3405003, at *2 (D. Md. July 9, 2014). Therefore, the court hereby **GRANTS in part** plaintiff's motion for certification of final judgments. The court certifies its Order granting summary judgment to BRMC, (ECF No. 94), and the portion of its Order denying plaintiff's motion to alter and amend that relates to the court's Order granting summary judgment to BRMC, (see ECF No. 113), as "final judgments."

### III. Conclusion

For the foregoing reasons, finding that there is "no just reason for delay," the court **GRANTS in part** plaintiff's motion, and consequently **CERTIFIES** as final judgments, under Rule 54(b) of the Federal Rules of Civil Procedure, its Order granting summary judgment to defendant BRMC, (ECF No. 94), and the portion of its Order denying plaintiff's motion to alter and

amend relating to granting summary judgment to defendant BRMC. (See ECF No. 113.)  The court **DENIES in part** plaintiff's motion and **DECLINES TO CERTIFY** its Order denying plaintiff's motion for sanctions and entry of default judgment, (ECF No. 93), and the portion of its Order denying plaintiff's motion to alter and amend relating to denying plaintiff's motion for sanctions and entry of default judgment.  (See ECF No. 113.)

    The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

    IT IS SO ORDERED this 28th day of August, 2020.

                  ENTER:

                  David A. Faber
                  Senior United States District Judge