```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

JANET GRAHAM, Administratrix of
The Estate of Edna Marie McNeely,

    Plaintiff,

v.                                     CIVIL ACTION NO. 1:18-00274

SUNIL KUMAR DHAR, M.D.,
BLUEFIELD CLINIC COMPANY, LLC,
d/b/a BLUEFIELD CARDIOLOGY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    Pending before the court is plaintiff's motion to Continue and Stay Proceedings Pending Appeal. (ECF No. 119.) Defendants have communicated to the court that they do not oppose plaintiff's motion.

    On July 22, 2020, plaintiff filed a notice of appeal with the Fourth Circuit. (ECF No. 116.) Plaintiff is appealing three Orders of this court: the Memorandum Opinion and Order denying Plaintiff's Motion for Sanctions and Entry of Default Judgment, entered on December 19, 2019, (ECF No. 93); the Memorandum Opinion and Order granting, with prejudice, defendant Bluefield Hospital Company, LLC, d/b/a Bluefield Regional Medical Center's ("BRMC") Motion for Summary Judgment, entered on December 19, 2019, (ECF No. 94); and the Memorandum Opinion

and Order denying Plaintiff's Motion to Alter and Amend both of the court's earlier Orders, entered on June 25, 2020.  (ECF No. 113.)  On this same day, this court entered an Order certifying the entry of a final judgment as to its Orders granting summary judgment to BRMC.  (See ECF Nos. 94, 113.)

I. **Analysis**

Application for an appeal does not automatically stay proceedings in the district court; a stay pending appeal will only exist if the district judge or the Court of Appeals shall so order.  28 U.S.C. § 1292(b).  Federal district courts possess the ability to, under their discretion, stay proceedings before them when the interests of equity so require.  Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 125 (4th Cir. 1983); see also id. (it is inherent within the courts' "general equity powers and in the efficient management of their dockets to grant relief").  Still, this power is not unfettered.  A party seeking a stay must sustain the heavy burden of justifying it by showing that clear and convincing circumstances support a stay.  Landis v. North American Co., 299 U.S. 248, 254-55 (1936).  Further, the court must weigh the equities when deciding whether to grant a stay, and must also consider the interests of judicial economy and the desire for "the orderly and expeditious disposition of cases."  Link v. Wabash R. Co., 370 U.S. 626, 630 (1962).

The court finds that in the circumstances of this case, the interests of justice and of judicial economy support a stay pending appeal – but only a stay pending resolution of plaintiff's appeal of this court's orders granting summary judgment to defendant BRMC.  (ECF Nos. 94, 113.)  The remedial scheme undergirding plaintiff's claims against all defendants, including claims against dismissed defendant BRMC, strongly counsel that all claims should be tried together.  The West Virginia Medical Professional Liability Act states that jury is required to make findings as to "[the percentage of fault, if any, attributable to each of the defendants."  W. Va. Code § 55-7B-9(a)(5).  The Act states, in part, that "[t]he trier of fact shall, in assessing percentages of fault, consider the fault of all alleged parties."  Id. § 55-7B-9(b).  Once the jury assesses the percentage of fault, the court must "enter judgment of several, but not joint, liability against each defendant in accordance with the percentage of fault attributed to the defendant by the trier of fact."  Id. § 55-7B-9(c).  Therefore, in the event that plaintiff successfully appeals this court's orders granting summary judgment to BRMC, judicial economy and the interests of justice strongly favor trying all claims in one proceeding.  Otherwise, the jury and the court would not be able adhere to the West Virginia Medical Professional Liability Act provisions discussed above, which the court finds would result

in manifest injustice to defendants.  The court believes that defendants' lack of opposition to the motion to stay further reflects the validity of this finding by the court.

## II.  Conclusion

For the foregoing reasons, the court hereby **GRANTS** plaintiff's motion to Continue and Stay Proceedings Pending Appeal.  (ECF No. 119.)  The Clerk is directed to remove this case from the court's active docket.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to counsel of record.

IT IS SO ORDERED this 28th day of August, 2020.

                        ENTER:

                        David A. Faber
                        Senior United States District Judge